IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MUHAMMAD, | No. 10-03988 CW |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |
| v. | |
| CITY OF PHOENIX, ARIZONA and STATE OF ARIZONA, | |
| Defendants. | |

Plaintiff Donald Muhammad files an application for leave to proceed in forma pauperis (IFP). The matter was decided on the papers. Having considered all of the papers filed by Plaintiff, the Court grants the application to proceed IFP and dismisses the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action. Accordingly, the application to proceed without the payment of the filing fee is granted.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his

complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff submits a one-page hand-written complaint that is titled, "Fraud Criminal Civil Action, Wrong Papers Filing of Forma Pauperis D.C. No. CV 06-1272, 06-17268." In the form cover sheet for his civil complaint, Plaintiff has checked the box for a civil rights violation in housing or accommodations. He alleges that Defendants City of Phoenix and State of Arizona filed the wrong papers to get him "out of his housing." He also alleges that he paid the Ninth Circuit $455, and still the City of Phoenix improperly told the clerk at the Supreme Court that Plaintiff was a prisoner. He also alleges that both Defendants filed false in forma pauperis forms.

From the case numbers in the caption of Plaintiff's complaint, the Court has ascertained that, in 2006, Plaintiff was a party in a civil case before the Arizona United States district court, which he lost. In December, 2006, he appealed to the Ninth Circuit. On April 23, 2007, the Ninth Circuit dismissed the appeal for failure to prosecute. The mandate issued on July 6, 2007. It is not clear

2

how these cases involved the City of Phoenix and the State of Arizona removing Plaintiff from his housing.

Even construed liberally, Plaintiff's allegations fail to state a claim upon which relief can be granted.  Furthermore, amendment would be futile.  Therefore, the complaint is dismissed without leave to amend.


IT IS SO ORDERED.

Dated: 11/15/2010

CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GRIMES et al,

        Plaintiff,

v.

BARBER et al,

        Defendant.

Case Number: CV09-00411 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
263 Vernon Street
San Francisco, CA 94132

Dated: November 16, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4